104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mamdouh M. HUSSEIN, Plaintiff-Appellant,
v.
The PIERRE HOTEL, Defendant-Appellee.
 No. 96-7182.
 United States Court of Appeals, Second Circuit.
 Sept. 16, 1996.
 
 APPEARING FOR APPELLANT: Mamdouh M. Hussein, pro se, Jersey City, N.J.
 APPEARING FOR APPELLEE: David Steinbrecher, Steinbrecher & Ross, New York, N.Y.
 Before NEWMAN, Chief Judge, and OAKES and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Mamdouh H. Hussein appeals pro se from the judgment, entered January 19, 1996, dismissing, on motion for summary judgment, his suit against the Pierre Hotel, alleging employment discrimination.
 
 
 4
 The suit was properly dismissed for reasons fully set forth in Judge Cedarbaum's thorough opinion. Hussein's claims based on his 1985 discharge were barred by res judiciata as a result of his prior unsuccessful lawsuit in the Southern District. With respect to his post-1985 claims, his Title VII claim failed for lack of exhaustion of administrative remedies, his claim under 42 U.S.C. § 1981 failed because the Hotel advanced, as a reason for not hiring Hussein, the prior, valid discharge, the hostile workplace claim failed for lack of substantial evidence creating a genuine issue of material fact, and his claim under 29 U.S.C. § 185 failed for lack of any showing of breach of a duty of fair representation by Hussein's union.